IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WARREN EDWARD BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-207 |
| | § | |
| MARLIN GRAHAM, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS CIVIL RIGHTS COMPLAINT

Plaintiff  WARREN EDWARD BLACK, acting pro se and while a prisoner incarcerated

in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutional Division, has

filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-

referenced defendants and has been granted permission to proceed in forma pauperis.  Although

plaintiff has now been released from state custody, his claims concern the conditions of

confinement during his incarceration. For the following reasons, plaintiff's civil rights complaint

should be DISMISSED.

I.
JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action

with respect to prison conditions under any federal law, the Court may evaluate the complaint

and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous[1] , malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992).

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; 28 U.S.C. §

1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by

a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns

prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every

*pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2] A claim lacks an

arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).

This matter has been referred to the undersigned for review, report and recommendation

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. The

undersigned magistrate judge has reviewed plaintiff's pleadings and has viewed the facts alleged

by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer

by defendants.

II.
PLAINTIFF'S CLAIMS

Plaintiff sues a TDCJ guard, Marlin Graham, for threatening plaintiff with disciplinary

cases and for his use of racial slurs. In one specific incident on April 18, 2016, plaintiff indicates

Graham clenched his hands into fists and leaned over him to growl in his ear. [ECF 3, at p. 6].

Plaintiff claims he filed grievances against Graham following this incident. The Step 1 grievance

on this issue was received by TDCJ on April 22, 2016. [ECF 3, at p. 7]. The Step 2 grievance

was received by TDCJ on May 12, 2016. [ECF 3, at p. 9]. Plaintiff alleges he was removed from

---

[2] *See Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

his prison employment position on May 12, 2016 and was then transferred off the Neal Unit to another unit on May 13, 2016. Plaintiff alleges this was done in retaliation for filing a grievance against Graham. Plaintiff does not allege Graham was in charge of his housing or unit assignment while incarcerated.

Plaintiff seeks $250,000 in compensatory damages and $250,000 in punitive damages. Plaintiff additionally seeks declaratory relief.

III.
THE LAW AND ANALYSIS

Plaintiff alleges that he experiences retaliation, disrespectful treatment, harassment, and discrimination while housed at the Neal Unit of TDCJ at the hand of TDCJ guard Graham. To state a claim for retaliation, a prisoner must allege facts that establish:

(1) he exercised a specific constitutional right;

(2) the defendant had the intent to retaliate against him for his exercise of that right;

(3) a retaliatory adverse act occurred; and

(4) causation.

*Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 522 U.S. 995 (1997)). Plaintiff fails to provide any factual allegations to support a constitutional claim of retaliation.

A prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are not enough. *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *see also Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). The Fifth Circuit has held that the elements of a claim under a theory of retaliation include causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson*, 110 F.3d at 310.

This requirement places a heavy burden on inmates, because the inmate must produce either direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

In this case, plaintiff sues Graham and alleges a retaliatory transfer to another unit because of a grievance filed against Graham. Plaintiff also alleges he lost a prison job assignment because of the transfer. However, plaintiff does not allege Graham had any authority to transfer him to another unit, nor does he allege Graham was involved in the transfer. The Fifth Circuit holds that the mere fact that one incident precedes another is not proof of a causal connection. *Huss v. Gayden*, 571 F.3d 422, 459 (5th Cir. 2009) (noting that "the *post hoc ergo propter hoc* fallacy [after this, therefore because of this] assumes causality from temporal sequence" which is a "false inference"). Plaintiff offers nothing more than temporal proximity to show that he was transferred from the Neal Unit in retaliation for filing a grievance.

Additionally, plaintiff has not shown that the transfer to another unit was a "retaliatory *adverse* act."  A claim for relief under section 1983 "must allege the deprivation of a right secured by the Constitution or laws of the United States by a defendant acting under color of state law." *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). A state prisoner does not have a constitutional right to be incarcerated in the prison of his choice. *Meachum v. Fano*, 427 U.S. 214, 224 (1976). "A prisoner has no constitutionally protected interest in a particular facility." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). A criminal conviction under the laws of the State "sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons…[t]hat life in one prison is much more disagreeable than

- 4 -

another does not in itself signify that [a liberty interest] is implicated when a prisoner is transferred to the institution with the more severe rules." *Fano*, 427 U.S. at 224-25 (emphasis in original).

Plaintiff has not even asserted that the prison he was transferred to resulted in worse conditions than he faced at the Neal Unit, nor has plaintiff shown by his allegations that such transfer was caused by filing a grievance. Even if his transfer resulted from the filing of the grievance, plaintiff has wholly failed to show that such transfer was not in his *interest* rather than as a retaliatory *adverse* act. Therefore, plaintiff's claims for retaliation fail to show he had any constitutionally protected interest in housing at the Neal Unit of TDCJ, fail to show that the transfer was an adverse act, and fail to show that alleged adverse act was caused by his filing of a grievance against Graham or the result of a retaliatory motive. Most importantly, plaintiff has failed to allege that defendant Graham was involved in the transfer. TDCJ officials have the discretion to determine an inmate's unit where he is incarcerated. It is equally clear that plaintiff has no constitutionally protected liberty interest in his unit of incarceration, unless plaintiff shows a transfer was punitive rather than administrative and the unit of transfer was a more restrictive confinement. *See Giovanni v. Lynn*, 48 F.3d 908, 911 (5th Cir. 1995). As plaintiff's claims rely on legally nonexistent interests, that is, his unit assignment, any challenged "constitutional violation arising from his [new unit assignment] is indisputably meritless." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Further, plaintiff's allegation of a transfer to a potentially less favorable job, is a de minimis adverse act and insufficient to state a claim of retaliation. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006). Thus, his claims are frivolous and should be dismissed with prejudice. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Plaintiff also alleges that defendant Graham used racial slurs and threatened plaintiff with disciplinary cases on a consistent basis. Plaintiff further alleges that on one occasion, defendant Graham balled his fist and growled in plaintiff's ear. However, threats, verbal taunts, and racial slurs do not give rise to liability under section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Even threatening language and gestures of a custodial officers do not amount to a constitutional violation. *See Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (citations omitted). Plaintiff's complaint about Graham using racial slurs and growling in his ear in an intimidating manner simply does not provide a basis for a federal civil rights lawsuit. Thus, plaintiff has not alleged a constitutional violation. Furthermore, plaintiff did not suffer a physical injury. Title 42 U.S.C. § 1997e (e) prevents a prisoner who has not alleged a physical injury from seeking compensatory damages. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff's claims for compensatory damages should be dismissed for lack of physical injury, and his request for punitive damages and declaratory relief should be dismissed with prejudice as frivolous for failing to allege a constitutional violation. *See Hutchins v. McDaniels*, 512 F.3d 193, 197 (5th Cir. 2007).

IV.
RECOMMENDATION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Civil Rights Complaint by plaintiff Warren Edward Black filed pursuant to Title 42, United States Code, section 1983 be DENIED and DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and 1915A.

- 6 -

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on March 4, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*__NOTICE OF RIGHT TO OBJECT__*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).